HENRY W. FULLERTON vs. SEYMOUR & HOLLEY.

Where a note is made payable to A. & B. or order, partners, evidence of an indorsement of the partnership name by one of the firm, without an averment of partnership in the declaration does not meet the averment that "A & B. indorsed said note, their own proper hand writing being to such indorsement subscribed."

This was an action of Assumpsit, tried at the County Court, December Term, A. D. 1833.

The declaration was in the usual form counting upon a promissory note, dated November 2d. 1832, executed by the defendants to Grant & Seaver, or order, of Boston, for the sum $911,43, and as having been indorsed to the plaintiff by said Grant & Seaver, with the usual averment *" their own proper hand writing being to such indorsement subscribed."* But the declaration contained no averment that Grant & Seaver were partners, or were acting under a firm of that name.

The plaintiff offered in support of his declaration a note given by defendants to Grant & Seaver, answering the description in his declaration, indorsed as follows : " Pay the contents of the within to Henry N. Fullerton without recourse to us.          GRANT & SEAVER."

This was accompanied by the testimony of a witness, who stated that he had done business with a firm under the name of Grant & Seaver in Boston, and that they were partners under the firm of Grant & Seaver, and that the endorsement was in the hand writing of said Grant.    To all which evidence the defendants objected ; but the Court overruled the objection, admitted the evidence, and gave judgement for the plaintiff.    To which decision of the Court the defendants excepted ; the cause passed to the Supreme Court for revision.

The opinion of the Court was delivered by

BAYLIES, J.—The defendants on trial before the County Court contended, that there was a variance between the averment in the declaration, and the indorsement on the note : the averment is, " that Grant and Seaver indorsed said note, *their own proper hand writing being to such indorsement subscribed.*" Whereas the evidence is, that the indorsement is wholly in the hand writing of Grant.    As

32

Fullerton
*vs*
Seymour & al.

there is no averment in the declaration, that *Grant & Sea-ver* were partners, or were acting under a firm of that name, we are inclined to believe, that the indorsement made by *Grant* alone, does not prove the averment, " *that Grant & Seaver indorsed said note, their own proper hand writing being to such indorsement subscribed.*" *Levy* vs. *Wilson*, 5 Esp. N. P. R. 180; *Pease et al* vs. *Morgan*, 7 J. R. 468.

Therefore, it is considered, that the County Court erred in deciding there was no variance, and their judgement must be set aside, and

A new trial granted.

*Waller*, for plaintiff.

*Q. Seymour*, for defendants.